UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| DEONTE MARQUIS BROWN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CV421-027 |
| SHERIFF JOHN WILCHER and DISTRICT ATTORNEY SHALENA JONES, | ) ) ) ) ) |
| Defendants. | ) |

## ORDER

Before the Court is plaintiff's motion seeking the appointment of counsel and an order directing the Chatham County Jail to provide access to a law library and a copy of his inmate account records. Doc. 5. This motion is **DENIED**.

Plaintiff asserts that the appointment of counsel is appropriate because he lacks a legal education and the jail is currently subject to a lockdown, presumably related to the COVID-19 pandemic. *Id*. at 1. Though these limitations might create a difficulty, plaintiff has no constitutional right to counsel in this civil case. *Wright v. Langford*, 562 F. App'x 769, 777 (11th Cir. 2014) (citing *Bass v. Perrin*, 170 F.3d 1312,

1320 (11th Cir. 1999)). "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances." *Id*. (citing Bass, 170 F.3d at 1320). Appointment of counsel in a civil case is a "privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987), and *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)).

The Eleventh Circuit has explained that "the key" to assessing whether counsel should be appointed "is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." *McDaniels v. Lee*, 405 F. App'x 456, 457 (11th Cir. 2010) (quoting *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993)). A review of the record and pleadings in this case reveals no such "exceptional circumstances" warranting the appointment of counsel. This case is not so complex, legally or factually, as to prevent plaintiff from presenting "the essential

merits of his position" to the Court. His request for appointment of counsel is **DENIED**.

Plaintiff has also requested that he be granted access to the law library and other legal resources. Doc. 5 at 1. As he is proceeding *pro se*, plaintiff has a right to meaningful access to the courts, including some right to legal research material. *See Bounds v. Smith*, 430 U.S. 817, 828 (1977); *Bowens v. Sikes*, 2017 WL 486266 at *4 (S.D. Ga. Jan. 4, 2017); *see also Bass v. Singletary*, 143 F.3d 1442, 1445 (11th Cir. 1998) (deprivation of that right may be actionable where "the prison official's actions which allegedly infringed on an inmate's right of access to the courts [ ] frustrated or impeded the inmate's efforts to pursue a nonfrivolous legal claim."). The Court, however, cannot order that his access to privileges be increased beyond what the detention facility deems adequate, as such relief is beyond the scope of this lawsuit. *See* doc. 1. This is particularly the case as the complaint has not yet been screened pursuant to 28 U.S.C. § 1915A or approved for service. *See* 28 U.S.C. § 1915A (requiring that review prisoner complaints for frivolity, maliciousness or failure to state a claim upon which relied can be granted)  Therefore, the request for an

order directing the Chatham County Detention Center to provide additional legal resources is **DENIED**.

Finally, plaintiff requests that the Court order the Chatham County Detention Center to provide a copy of the records of his inmate account transactions. Doc. 5 at 1–2. It is presumed that these records are sought in order to comply with the Court's order of February 2, 2021. Plaintiff has not argued that he is unable to acquire these documents through normal procedures. In fact, the Court is skeptical that serious prior attempts have been made, as plaintiff's request predates the Court's order requiring the information. *Compare* doc. 5 (dated February 1, 2021) *with* doc. 4 (dated February 2, 2021). Even if sought for some other reason, the requested relief is premature as this matter has not advanced to the discovery stage. Plaintiff's request for an order directing the Chatham County Detention Center to provide records of his financial transactions is **DENIED**.

**SO ORDERED**, this 5th day of February, 2021.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA